Ttjeney, J.,
delivered the opinion of the court.
The objectionable feature of the deed of trust in this case, and that part of it which embraces the only names given of the creditors of the makers, Gillespie, Warren & Co., is in this language:
“In paying the debts intended, to be secured, no preference is given, but all shall be paid proportion *240 ally, after paying the expenses of this trust first, except some debts that friends are bound for us, and some debts for money borrowed, to-wit: one acceptance in fiivor of the Mayfield Cloth Manufacturing Co., for |161.70, for goods sold on commission; one draft on Shane, Harris & Co., of Memphis, for $500; one note to Amanda Seat for $52.28; one note to J. H. Garrett for $200; one due-bill to L. K. Gillespie, as guardian of Eulalia McGee, for $500; one note to Sarah Cunningham for $1,080, with a credit for $300; and all other debts we owe for borrowed money shall be paid before any other debts; — the balance pro rata, as above specified.
“Should we at any time renew or change the character of any of our debts, they shall, in this new form, be entitled to all the provisions of this deed.”
To sustain this deed, the case of Barcroft, Beaver & Co. v. Snodgrass et als., 1 Col., 430, is referred to and relied on. In the portion of his opinion most pertinent to this case, Judge McKinney says: “It is certainly proper, for various reasons, that the debt intended to be secured should be described with sufficient certainty, either in the deed or by reference to a schedule accompanying it; and the omission to do so, if not satisfactorily explained, cannot fail to excite suspicion. But it would seem, from the authorities, that if there be nothing else to impeach the fairness and bona fides of the transaction, neither the validity of the deed nor the security designed for the creditor whose debt is omitted to be specified, will be affected thereby. It has been held that Avhen *241 there was a mistake in tbe assignment, in stating tbe debt at less than tbe amount really due, and intended to be secured, tbe mistake might be shown, and the trust would include the true amount of the debt. So it has been held in Louisiana that the debt may be described by. the name of the debtor, and its amount left to be ascertained. And in a recent case in New York, where the description of the creditors was as a class of 'laborers and workmenJ of the assignors residing in Albany and Buffalo, not mentioning the names of the persons, or the respective amounts due to each, it was held that the assignment was not avoided on this ground. But the court said:
"In all such cases it ought to appear very clearly that the omission was not a meditated subterfuge, with the view of leaving an opening for fraudulent and unfair practices, and the existence and true amount of the debt at the date of the assignment should be fully established.”
The deed before us, as a prelude to the declaration of the trust, recites; “The firm being indebted to sundry persons on their own account as principals, and desirous,” &o., &c.
Tested by the principles announced in the opinion just quoted from, the objection to this deed is fatal.
Names of creditors and the amounts of the debts due them are omitted. Creditors are not described as a class, but are merely mentioned as “sundry parties,” — “friends bound for us.” Debts are mentioned as “all other debts we owe for borrowed money.”'
Now, with such provisions and recitals, docs it, or *242 can it, very clearly appear that the omission was not ■a meditated subterfuge, with a view of leaving an -opening for fraudulent or unfair practices?
How easy it would be for makers of such deeds to • confederate with their creditors, or persons not their creditors, and create notes, accounts, or claims, for the benefit of the assigning debtor, antedating them, — improvising them at any time before the settlement by the trustee, with a view to the exhaustion of the estate in his hands, that the assignor might pocket its proceeds, to the exclusion of his bona fide ■creditors.
Every creditor, whether provided for or not, has a right to be reasonably informed of the nature and •amount of the debts proposed to be secured, that he may be prepared to state whether he will submit to ■the deed or contest it. These things cannot be secured, under the general and indefinite terms of this •deed.
The decree of the Chancellor will be reversed, the deed declared yoid, and the cause remanded for an account.
The trustee will not, however, be held personally chargeable with the amounts paid out by him in good faith before the filing of the bills.
The exceptions to his answer will be so far allowed that he will be required to show the amounts paid by him, when and to whom.